■ JOSEPH TRIPOLI, Respondent, v STATE OF NEW YORK et al., Appellants. (Claim No. 59621.)—Appeal from a judgment in favor of claimant, entered April 10, 1978, upon a decision of the Court of Claims. On this appeal from a judgment awarding claimant damages for a fractured wrist he sustained in a fall at the Silver Mine picnic area of the Harriman State Park on June 15, 1975, the State maintains that claimant did not adequately establish liability on its part. The basic facts are relatively simple. The incident occurred on a clear and dry morning shortly after claimant arrived at the park with three companions. Claimant testified that as the group walked from their vehicle to the picnic site he traversed a grass covered portion of the parking lot and fell when he stepped into a hole described as being approximately one foot wide and from eight inches to one foot in depth. One of his companions supported this account. A park superintendent related that he personally inspected the vicinity in a general fashion two to three times every week and that while grass at the scene was mowed three times annually, the last cutting had probably taken place during August of 1974. There was no proof of any prior complaint or accident involving the parking lot. The Court of Claims found that the hole presented a foreseeable danger and charged the State with constructive notice thereof by reason of its negligent failure to mow the area in question. We disagree. It is well settled that the State is not an insurer of park visitors; its duty is to keep the facility reasonably safe for its intended uses. Here, there was no evidence concerning the origins of the depression; the duration of its existence was unknown; the terrain surrounding it was not specifically described; the height of the grass at the time of claimant's mishap was not fixed and there was no indication of its height before and after a normal mowing; the relationship, if any, between grass height and awareness of this particular hole was not detailed at trial; and, lastly, there

was a total lack of proof suggesting what constituted proper mowing schedules and procedures. Although testimony on each of these matters might not be necessary or even appropriate under the circumstances of other cases of this nature, it seems plain to us that the cumulative effect of the foregoing deficiencies in claimant's evidence mandates a dismissal of his claim. The facts actually developed warrant nothing more than a speculative conclusion that the State might have negligently failed to meet its obligation of maintaining the parking lot in a reasonably safe manner for pedestrians. There is no support for the proposition that the hole represented anything more than a trivial defect generally encountered when crossing open lands or that it was so out of character with the proximate surroundings as to be the foreseeable cause of an accident. Moreover, even if those assumptions were made, the record does not establish any reason to believe that the State should have discovered the hazard. Since the dimensions of the hole were not great, the mowing policy was not shown to have been unreasonable, and the connection between such variables was not demonstrated, there was no basis upon which to charge it with constructive notice of the condition (see *Mascaro v State of New York*, 46 AD2d 941, affd 38 NY2d 870). Accordingly, the judgment should be reversed and the claim dismissed. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.