■ DEBORAH McMULLEN et al., Respondents, v STATE OF NEW YORK, Appellant. [604 NYS2d 335] —Mikoll, J. Appeal from an interlocutory judgment in favor of claimants, entered August 11, 1992, upon a decision of the Court of Claims (Lyons, J.).

Claimant Deborah McMullen (hereinafter McMullen) sustained injury to her right leg, back and neck as a result of falling to the ground when she stepped into a small hole, obscured by grass, in the vicinity of the eighth tee of the golf course at the Saratoga Spa State Park in Saratoga County. The accident occurred on August 23, 1987 while McMullen was golfing with her husband, claimant Timothy McMullen, and her son. At the time of her fall, McMullen was walking from the eighth tee down a grassy bank toward her pull-cart which was located on a gravel pathway. Claimants described the hole as 3 to 4 inches wide, 6 to 8 inches deep and 6 to 8 inches long. The State's witnesses described it as 2 to 2½ inches in diameter and 4 to 5 inches in depth.

This claim was commenced against the State demanding $1 million for McMullen's damages plus a derivative cause of action on behalf of her husband. At a trial on the issue of liability only, claimants' expert, Joseph Laubenstein, testified on direct examination that in his opinion the hole had been in existence for 2 to 3 months based on the lack of dirt around the hole and the growth of grass three inches long in the hole. He opined that a recently dug hole would have soil around it. On cross-examination, Laubenstein admitted that he did not know what had caused the hole, did not know where the dirt from the hole had gone or how long the hole had existed, and

that the period of its existence might be shorter than his previously stated opinion. He also opined that grass cannot grow under a pile of dirt and that the pictures did not show any area around the hole where the dirt had been sufficiently compacted to kill grass growth.

The Court of Claims ruled in favor of claimants, finding by a preponderance of the evidence that the State was negligent in its maintenance of the golf course due to its failure to discover and remedy the hole which caused McMullen's fall and resulting injuries. The State has appealed.

We find that the interlocutory judgment of the Court of Claims is not supported by the evidence presented at trial; it should be reversed and the claim dismissed. The evidence adduced by the State convincingly demonstrated that the hole was covered only by grass and that it was not readily visible to either employees or users of the golf course. Timothy McMullen testified that he could not readily see where the hole was when he returned to the golf course shortly after the accident and that he had to feel around in the grass to find it. He testified that he had to pluck the grass growing around and out of the hole to see it. Chief Park Ranger Robert Zentz testified that after the accident, he and his son had searched the area on their hands and knees for 4 to 5 minutes before they were able to locate the hole. He said the hole was not apparent and could not be easily seen, and that he had to pull the surrounding grass apart to see it. Zentz further stated that there was no grass growing in the hole. The proof also disclosed that the pictures admitted into evidence were taken after the grass was pulled from the area of the hole. There was testimony that the pictures did not show the hole as it existed at the time of the accident.

The State is not the insurer of every player who uses its golf courses *(see, Tripoli v State of New York,* 72 AD2d 823). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [citations omitted]). "As a landowner, the State owes the same duty of care as that of a private individual: the duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition *(see, Kush v City of Buffalo,* 59 NY2d 26, 29; *Basso v Miller,* 40 NY2d 233, 241)" *(Mesick v State of New York,* 118 AD2d 214, 216-217, *lv denied* 68 NY2d 611). It must maintain the golf course in a reasonably safe condition and protect

users from known hazards (2B Warren, Negligence in the New York Courts, Golfers, § 1.02, at 411 [3d ed]). The evidence demonstrates that the State made reasonable efforts to maintain the golf course free from obstructions and hazards such as holes. It instructed its employees and personnel to be on the lookout for holes and to report their existence so that they could be promptly remedied. The issue here then distills to one of constructive notice of the defect to the State. This Court, weighing the probative force of the conflicting evidence presented at the nonjury trial, finds that the hole that caused claimants' damages was not visible and apparent to users of the course but was hidden from view by grass, and that claimants' proof failed to establish that the hole existed for a sufficient length of time prior to the accident to permit the State's employees, in the reasonable performance of their maintenance duties, to discover and remedy it (see, Kandrach v State of New York, 188 AD2d 910, 912-913).

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the interlocutory judgment is reversed, on the facts, without costs, and claim dismissed.