OPINION OF THE COURT
Nicholas V. Midey, Jr., J.
In this claim, claimant seeks to recover damages for personal injuries suffered by him resulting from the alleged malfunction of an exercise machine which was being used by claimant on May 22, 1998, while he was incarcerated at Watertown Correctional Facility.
*707 Claimant testified that on May 22, 1998 he was using one of the weightlifting* machines which were made available for inmate use when the machine malfunctioned, and a component of the machine slipped, cutting claimant on his right leg.
Timothy Phillips testified on behalf of the defendant. Mr. Phillips is a recreation program leader at Watertown Correctional Facility, and has been employed since 1983. He testified that the exercise machines are inspected by the defendant on a daily basis. He additionally testified that there were no complaints or incidents involving this particular machine prior to, or subsequent to, claimant’s accident.
As a landowner, the State has a duty to act as a reasonable person would to maintain its premises in a reasonably safe condition (Preston v State of New York, 59 NY2d 997; Basso v Miller, 40 NY2d 233). In connection with its operation of a gymnasium, it must use the same level of care to assure that its equipment is reasonably safe and free from hazards (85 NY Jur 2d, Premises Liability § 87; see also, Gregaydis v Watervliet Civic Chest, 14 AD2d 623). These obligations extend to defendant’s correctional facilities (see, Kandrach v State of New York, 188 AD2d 910).
Defendant is not, however, an insurer, and negligence may not be inferred solely from the happening of an accident (Tripoli v State of New York, 72 AD2d 823; Mochen v State of New York, 57 AD2d 719). Rather, a claimant must prove that defendant breached a duty of care owed to the claimant and that the breach of duty proximately caused the claimant’s injury (Basso v Miller, 40 NY2d, supra at 240-241).
In this case, the court does not find that the defendant has breached any duty of care to claimant. No evidence was presented to establish that the exercise machine was defective in any manner whatsoever.
Furthermore, even if claimant could establish that the machine was defective, he has failed to show that the defendant had any knowledge, actual or constructive, of a defective condition so that it would have had an opportunity to repair it. It appears, based upon the testimony of Mr. Phillips, that the *708 defendant had an appropriate inspection policy in place, and that no visible or apparent defects had been noticed prior to the accident.
For these reasons, claim No. 98679 must be dismissed.

 Claimant’s exhibit A, consisting of his “Inmate Grievance Complaint,” describes this machine as a “squat machine.”