Miletta v State of New York (2024 NY Slip Op 03854)

Miletta v State of New York

2024 NY Slip Op 03854

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

CV-23-0605
[*1]Regina Miletta, Appellant,
v
State of New York, Respondent.

Calendar Date:May 31, 2024

Before:Egan Jr., J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

DupÉe & Monroe, PC, Goshen (Jon C. DupÉe Jr. of counsel), for appellant.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Court of Claims (Catherine C. Schaewe, J.), entered March 9, 2023, upon a decision of the court in favor of defendant.
On August 23, 2018, claimant was driving her vehicle near the intersection of State Route 97 and County Route 114 in the Town of Cochecton, Sullivan County, when she noticed that the advertising sign that she had previously placed in the grassy area of said intersection was askew. She pulled over to straighten the sign and, as she approached it, the ground gave way causing her to fall into a deep hole, seriously injuring her ankle. She then commenced this action seeking to recover for her injuries, asserting that the hole was due to defendant's negligence in maintaining a culvert drain [FN1] whose grate had become partially dislodged, creating an open hole that constituted a dangerous condition which caused her fall and attendant injury. Following a bifurcated, nonjury trial on the issue of liability, the Court of Claims found that claimant failed to establish that defendant had actual or constructive notice of the culvert drain's condition and dismissed the action. A judgment embodying the court's decision was subsequently entered, from which claimant appeals. We affirm.
"When reviewing a nonjury verdict, this Court has broad authority to independently review the probative weight of the evidence, but we generally defer to the trial court's credibility determinations and factual findings, as that court had the opportunity to observe the witnesses" (McFadden v State of New York, 200 AD3d 1357, 1357 [3d Dept 2021] [internal quotation marks and citations omitted]; see Lake v State of New York, 151 AD3d 1425, 1425 [3d Dept 2017]). The State, like any landowner, "has a duty to maintain its property in a reasonably safe condition in view of all the circumstances," including a nondelegable duty to maintain areas adjacent to its roadways (Murphy v State of New York, 188 AD3d 1330, 1331 [3d Dept 2020]; see Roque v State of New York, 199 AD3d 1092, 1094 [3d Dept 2021]; Gray v State of New York, 159 AD3d 1166, 1167 [3d Dept 2018]). However, "[w]hile the State clearly owes a duty to claimant[ ] and others entering upon its property to maintain it in a reasonably safe condition under the circumstances, it is not obligated to insure against every injury which may occur" (Smith v State of New York, 260 AD2d 819, 820 [3d Dept 1999]). In a case such as this, "the claimant has the burden of establishing a dangerous or defective condition that the defendant created or had knowledge (actual or constructive) of, and that such condition was a cause of the accident" (Guzman v State of New York, 221 AD3d 1107, 1108 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; see Murphy v State of New York, 188 AD3d at 1331). "Constructive notice may be established by showing that the condition was apparent, visible and existed for a sufficient time prior to the accident so as to allow the defendant to discover and [*2]remedy the problem" (Guzman v State of New York, 221 AD3d at 1108 [internal quotation marks, brackets and citations omitted]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
Claimant argues that the decision of the Court of Claims is not supported by a fair interpretation of the evidence. We disagree. Claimant testified that when she had initially placed her sign at the intersection a couple of weeks before her accident, the area was level and covered in a grassy, gravely dirt. She stated that she had noticed a slight elevation change in the area where she ultimately fell, but that she had not observed the culvert drain into which she fell. On the night of the accident, she testified that the area appeared to be the same as it was weeks before when she had initially posted the sign — a grassy, gravely, dirt area with no discernable hole. She further testified that she had placed a sign in the same spot a year earlier and had not noticed any hole at that time either.
An expert for claimant testified that had the State performed a reasonable inspection of the area, it would have discovered the dangerous condition of the dislodged grate at the culvert drain. However, he fails to support this assertion with any evidence as to how long the open hole had existed at the site. Furthermore, he also opined that the hole itself had likely been "camouflaged" by the dirt and grass covering it, which prevented the culvert drain from being discovered. Finally, his assertion that the culvert drain was known or should have been known by defendant was unsupported by any evidence demonstrating same.
Defendant's witness, a DOT resident engineer, testified that his duties consist of overseeing highway maintenance crews and operations, and that he was responsible for 505 lane miles of state highway maintenance, including Sullivan County. He further averred that DOT's normal routine road maintenance includes drainage structures and ditching. He conceded that the culvert drain, which is located closer to County Route 114 than to the state route, is in the State's right-of-way, and as such defendant was required to maintain it. He testified that employees clean all known culvert drains around weather related events and several times in the fall and had cleaned the culvert drains in that area prior to claimant's accident on at least two occasions that year, namely in February and May of 2018. He further averred that defendant had no actual knowledge of the particular culvert drain that was the site of claimant's fall, as it had no evidence of its existence. In support of this contention, he stated that the particular culvert drain that was the site of plaintiff's accident did not appear on any inventory or DOT records. The record also contains the deposition transcripts of numerous long-time DOT employees who averred that they clean culvert drains several times per year, depending on the number of weather events, but they were unaware of the existence [*3]of a culvert drain located where claimant fell.[FN2] Given this testimony and deferring to the Court of Claims' credibility determinations, the record contains no evidence that defendant created or had actual notice of the culvert drain as the State's records do not depict it, there were no reports of any prior accidents and the DOT employees were unaware of it. As to constructive notice, it was not apparent and visible, nor is there any evidence as to how long it may have existed. Claimant herself was completely unaware of the opening as she testified that she did not see it at the time of her fall or her earlier visits to the site. Additionally, the pictures taken the next day by claimant's daughter clearly depict the site covered with gravel, dirt and grass (see Guzman v State of New York, 221 AD3d at 1108-1109; McMullen v State of New York, 199 AD2d 603, 605 [3d Dept 1993], lv denied 83 NY2d 753 [1994]; Tripoli v State of New York, 72 AD2d 823, 824 [3d Dept 1979]). Furthermore, in the absence of any evidence upon which to determine the duration of the allegedly defective condition — so as to allow defendant a sufficient period of time to discover and remedy it — claimant's expert's conclusion that it existed for "at least" four months is pure speculation and there is no basis upon which to infer constructive notice (see Patrick v Grimaldi, 100 AD3d 1320, 1321-1322 [3d Dept 2012]). Accordingly, upon our independent review of the record, we discern no basis to disturb the court's determination (see Aliasgarian v State of New York, 199 AD3d 1439, 1440 [4th Dept 2021]; Roque v State of New York, 199 AD3d at 1098; Murphy v State of New York, 188 AD3d at 1332).
Egan Jr., J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: During the trial, claimant's attorney referenced this as a storm drain, while the Department of Transportation (hereinafter DOT) witness referred to it as a culvert. For purposes of this decision, we will utilize the phrase culvert drain.

Footnote 2: The parties stipulated to the admission of the deposition transcripts of five DOT highway maintenance employees, who were employed for 18 years or longer, and their job duties included, among other things, general road maintenance and the inspection of culvert drains along State Route 97 in the vicinity of the accident.