■ PHYLLIS GARVIN et al., Appellants, v A. RICHARD ROSENBERG et al., Respondents. [614 NYS2d 190] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Barone, J.), dated February 21, 1992, which denied their motion for leave to serve an amended complaint, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs alleged that, on December 11, 1988, the plaintiff Phyllis Garvin slipped and fell in the defendants' parking lot as a result of the defendants' negligence. In support of their cross motion for summary judgment dismissing the complaint, the defendants submitted excerpts from the depositions of both plaintiffs, which showed clearly that as of October 16, 1991, neither plaintiff knew what caused Ms. Garvin to fall. Mere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action *(see, Earle v Channel Home Ctr.,* 158 AD2d 507). Although the plaintiffs later submitted, in opposition to the cross motion, an affidavit dated January 20, 1992, in which Mr. Garvin claimed to know that ice caused her fall, we find that the plaintiffs have "attempted to avoid the consequences of the earlier admissions by raising a feigned factual issue which is insufficient to defeat the appellant's motion" *(Prunty v Keltie's Bum Steer,* 163 AD2d 595, 596; *see also, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.