■ Donna Robinson, Appellant, v Nicholas Lupo et al., Respondents. [690 NYS2d 640] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Feuerstein, J.), entered April 30, 1998, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In order to establish a prima facie case of negligence in a slip and fall case, the plaintiff is required to present proof that the defendants created, or had actual or constructive notice of, the defective condition which allegedly caused her to fall (*see, Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256; *Katsoris v Waldbaum, Inc.,* 241 AD2d 511; *Kraemer v K-Mart Corp.,* 226 AD2d 590; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see also, Kraemer v K-Mart Corp., supra*).

Here, the defendants established their entitlement to summary judgment. The record is devoid of evidence that there were any defective conditions on the defendants' property which caused the plaintiff to fall and that the defendants knew or should have known of any such conditions (*see, Kuchman v Olympia & York, USA,* 238 AD2d 381; *Silver v Brodsky,* 112 AD2d 213). In her deposition testimony, the plaintiff repeatedly stated that she did not know what caused her to fall. Since a jury would be required to speculate as to the cause of her

fall, summary judgment is appropriate (*see, Babino v City of New York,* 234 AD2d 241; *Howerter v Dugan,* 232 AD2d 524).

The plaintiff's remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.