■ Margaret T. Visconti, Appellant, v 110 Huntington Associates, L.P., Respondent. [707 NYS2d 884] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated March 18, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly fell while dancing at the defendant's night club. She thereafter commenced this action alleging that she fell due to the existence of a dangerous condition on the defendant's premises. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

The plaintiff was unable to identify or describe the condition which caused her fall and, instead, speculated that she must have slipped on food residue. "Where a plaintiff is unable to give a specific reason for the cause of an alleged accident [he or she] may not recover based on pure speculation" (*Barland v Cryder House,* 203 AD2d 405). We note in this regard that the Supreme Court properly rejected the 1995 written statement of a witness submitted by the plaintiff, since the plaintiff's counsel withheld that statement from the defendant in contravention of an order of the court, and assured the defendant that the statement would not be used in the litigation. Accordingly, the evidence was insufficient to establish the cause of the plaintiff's accident (*see, Dapp v Larson,* 240 AD2d 918).

The plaintiff also failed to raise an issue of fact as to whether the defendant created or had actual or constructive notice of any such condition (*see generally, Gordon v American Museum of Natural History,* 67 NY2d 836).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.