■ Paul I. Krohn, as Trustee of the Estate of Susan B. Flood in Bankruptcy, Appellant, v Timothy J. Melanson et al., Respondents. [748 NYS2d 658] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated February 6, 2001, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Susan Flood allegedly sustained personal injuries when she slipped and fell on the defendants' driveway. At her examination before trial, Flood testified that the cause of her fall was "moisture or oil or a combination thereof." She did not observe the moisture or oil before she fell.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. In support of their motion, the defendants established a prima facie case that they neither created nor had actual or constructive notice of the allegedly dangerous condition (*see Hall v McManus,* 296 AD2d 380; *Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437).

In opposition to the defendants' motion, Flood failed to raise a triable issue of fact. She submitted the affidavit of her expert, a certified safety professional, who stated that a combination of factors, including the slope of the driveway, caused her fall. Flood also presented her own affidavit, in which she asserted that the steepness of the driveway contributed to her accident. Flood's attempt to avoid the consequences of her earlier deposition testimony by raising feigned issues of fact regarding the cause of her fall was insufficient to defeat the defendants' motion (*see Goberdhan v Waldbaum's Supermarket,* 295 AD2d 564; *Garvin v Rosenberg,* 204 AD2d 388; *Prunty v Keltie's Bum Steer,* 163 AD2d 595, 596). S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.