STEVEN OETTINGER, Appellant, v AMERADA HESS CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. MANHATTAN BEER DISTRIBUTORS, LLC, Third-Party Defendant-Respondent. [790 NYS2d 693]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Sweeny, J.), dated August 27, 2003, which granted the motion of the defendant third-party plaintiffs and the separate motion of the third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured while stepping over a case of beer in the aisle of a store owned and maintained by the defendants third-party plaintiffs, Amerada Hess Corporation, Hess Mart, Inc., doing business as Hess Mart, and Hess Realty Corporation (hereinafter referred to collectively as Hess). The case of beer allegedly had been delivered by the third-party defendant, Manhattan Beer Distributors, LLC (hereinafter Manhattan Beer). Hess and Manhattan Beer separately moved for summary judgment and met their burden of establishing prima facie entitlement to that relief by demonstrating that the plaintiff was unable to identify the cause of the accident (*see Teplitskaya v 3096 Owners Corp.,* 289 AD2d 477 [2001]; *Robinson v Lupo,* 261 AD2d 525, 526 [1999]). The plaintiff testified at his deposition that, after stepping over the beer, he was "not certain about much." The plaintiff testified that he did not slip or trip, and he was not sure if it was a case of beer or a case of some other product. A store employee stated in an affidavit that he went to the area immediately after the accident and did not see anything on the floor.

Although proximate cause can be established in "the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury" (*Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]), "[m]ere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action" (*Garvin v Rosenberg,* 204 AD2d 388 [1994]). In opposition to the motions, the plaintiff failed to present evidence sufficient to raise a triable issue of fact as to the cause of the accident. "Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (*see Teplitskaya v 3096 Owners Corp., supra* at 478; *see Robinson v Lupo, supra* at 526; *Babino v City of New York,* 234 AD2d 241, 242 [1996]). Accordingly, the Supreme Court properly granted the motions for summary judgment (*see Robinson v Lupo, supra* at 525-526; *Babino v City of New York, supra* at 242; *Hunter v IBS Realty Mgt.,* 298 AD2d 557, 558 [2002]; *Garvin v Rosenberg, supra* at 388).

The plaintiff's remaining contention is without merit. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.