■ Myroslava Rygel, Respondent, v 8750 Bay Parkway, LLC, Appellant. [792 NYS2d 160]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated September 18, 2003, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment is granted, and the complaint is dismissed.

The plaintiff alleges that she slipped and fell while in an apartment located in a building owned by the defendant. The plaintiff was in the apartment in her capacity as a home attendant to the elderly tenant who resided there with her son and his wife. The accident occurred as the plaintiff was walking on a linoleum-floored hallway in the apartment. Although the plaintiff testified at her deposition that a portion of this floor "was raised [and] not even by the wall" she did not know if her

fall was precipitated by her foot coming into contact with this area. Furthermore, there is no evidence that anyone in the apartment at the time actually witnessed the plaintiff's accident. Therefore, even assuming that the raised portion of the linoleum constituted a defective condition, the defendant established its prima facie entitlement to judgment as a matter of law since there was no evidence that such condition caused the plaintiff's fall (*see Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262 [2000]; *Babino v City of New York,* 234 AD2d 241 [1996]).

In opposition to the motion, the plaintiff submitted an affidavit of one of the tenants indicating that the plaintiff fell "on an unglued portion of the linoleum tiles in [the] hallway." Significantly, the tenant did not state that she witnessed the accident. Accordingly, her conclusion as to the cause of the accident was mere speculation, and thus, was insufficient to raise a question of fact so as to defeat the defendant's motion (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Basta v Machicote,* 171 AD2d 832 [1991]).

In light of our determination, it is unnecessary to consider the appellant's remaining contentions. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.