CARMELLA MANNING, Respondent, v 6638 18TH AVENUE REALTY CORP., Defendant and Third-Party Plaintiff-Appellant. T & E STORES, INC., Third-Party Defendant-Respondent. [814 NYS2d 178]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, 6683 18th Avenue Realty Corp., appeals from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated September 22, 2004, as denied its motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is granted, the complaint is dismissed, and the motion is otherwise denied as academic.

The plaintiff, an employee of the third-party defendant, allegedly sustained personal injuries when she tripped and fell on a staircase at her place of employment. The complaint alleges that "the plaintiff was caused to trip and fall on boxes as well

as the conveyor belt and other debris located on said staircase." The defendant and third-party plaintiff, 6638 18th Avenue Realty Corp. (hereinafter Realty), the owner of the premises, moved, inter alia, for summary judgment dismissing the complaint. Realty met its burden of establishing prima facie entitlement to that relief by demonstrating that the plaintiff was unable to identify the cause of the accident (*see Oettinger v Amerada Hess Corp.,* 15 AD3d 638 [2005]; *Teplitskaya v 3096 Owners Corp.,* 289 AD2d 477 [2001]; *Robinson v Lupo,* 261 AD2d 525, 526 [1999]; *see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). The plaintiff stated at her deposition that she "slipped on some kind of debris. Either a plastic string or a piece of cardboard, whatever fell off the conveyor at the time." However, when asked if she saw "this string or debris," she responded that she did not see what caused her to fall either before or after the accident. She testified that she "didn't really see anything," and "didn't see it specifically," but that "there was always strings and paper" and she "had to slip on something." "Although proximate cause can be established in 'the absence of direct evidence of causation [and] . . . may be inferred from the facts and circumstances underlying the injury,' '[m]ere speculation as to the cause of a fall, where there can be many causes, is fatal to a cause of action' " (*Oettinger v Amerada Hess Corp.,* 15 AD3d, *supra* at 639 [internal quotation marks and citations omitted]; *see Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Garvin v Rosenberg,* 204 AD2d 388 [1994]).

In opposition, the plaintiff failed to raise a triable issue of fact as to the cause of the accident. "Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (*Teplitskaya v 3096 Owners Corp., supra* at 478; *see Robinson v Lupo, supra* at 526). The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact. The expert's affidavit did not support the complaint's sole allegation of negligence, i.e., that the plaintiff tripped and fell on debris. To the extent that it raised the previously unpleaded theory of design defect, it was clearly designed to avoid the consequences of the plaintiff's admission that she did not specifically know or see what caused her to fall (*see Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256 [1997]; *see also Ortiz v Smith,* 8 AD3d 250 [2004]; *Mestric v Martinez Cleaning Co.,* 306 AD2d 449 [2003]; *Krohn v Melanson,* 298 AD2d 510, 511 [2002]).

Accordingly, the Supreme Court should have granted that

branch of Realty's motion which was for summary judgment dismissing the complaint.

The parties' remaining contentions need not be reached in light of our determination. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.