■ FRANCES ANNA PLUHAR, Appellant, v TOWN OF SOUTHAMPTON et al., Respondents. [816 NYS2d 176]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 9, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was injured when she slipped and fell on a boat launching ramp located at the end of Bay Avenue in East Quogue.

The defendants met their burden of establishing their prima facie entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiff was unable, in deposition testimony, to identify the cause of her fall, which is fatal to her claim (*see Oettinger v Amerada Hess Corp.,* 15 AD3d 638, 639 [2005]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Visconti v 110 Huntington Assoc.,* 272 AD2d 320, 321 [2000]). The absence of evidence of causation prevents the plaintiff from establishing that the slippery condition was created by the defendants, or that they knew or should have known of its existence for a sufficient time to remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Williams v Hannaford Bros. Co.,* 274 AD2d 649, 650 [2000]). Mere speculation as to the cause of a fall is insufficient (*see Visconti v 110 Huntington Assoc., supra* at 321; *Novoni v La Parma Corp.,* 278 AD2d 393 [2000]). The presence of a warning sign at the site is, at best, evidence of a general awareness of slippery conditions, but is not notice of the specific

cause of the plaintiff's accident, which remains unidentified (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Farrago v Great Atl. & Pac. Tea Co., Inc.*, 17 AD3d 631, 632 [2005]).

In light of the foregoing, we need not consider the plaintiff's remaining contentions. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.