THOMAS F. McNALLY, as Guardian Ad Litem for THOMAS J. McNALLY, Respondent, v YITZCHAK SABBAN et al., Appellants. [820 NYS2d 260]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 15, 2005, denying defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In this slip-and-fall action, plaintiff Thomas J. McNally was injured when he apparently fell down the common stairway of a multifamily residential building owned by defendants. Plaintiff

is a tenant in the building. On the morning of June 14, 2002, he was found lying unconscious at the foot of the stairs. It is uncontested that plaintiff was highly intoxicated when he fell.

Plaintiff commenced the suit against defendants, alleging that there were numerous statutory or code violations in the stairway of the building. Plaintiff's expert affirmed that the code violations included defects in door openings, headroom, lack of a handrail, risers, treads, stair geometry, possible roof leak and an improper location of a light switch. In particular, the expert asserted that defendants' failure to provide handrails in the staircase caused the accident. Defendants submitted testimony of other tenants in the building demonstrating that plaintiff had a drinking problem. Furthermore, the hospital records showed that he was probably extremely intoxicated at the time of the accident.

Subsequently, defendants moved for summary judgment arguing that there was no admissible evidence to prove that the statutory or code violations in the stairway were the proximate cause of plaintiff's injuries.

Supreme Court denied the motion, holding that plaintiff had raised questions of fact relating to the issue of causation. We reverse, and, for the reasons set forth below, grant summary judgment to defendants dismissing the complaint against them.

On appeal, defendants assert correctly that it is plaintiff's ultimate burden to prove that defendants' negligence caused plaintiff's injuries. Moreover, defendants properly assert that because plaintiff cannot recall how the accident happened, plaintiff can only resort to sheer speculation in asserting that defendants' negligence was the proximate cause of his injuries.

We have consistently held that " '[w]here the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury' " (*Lynn v Lynn*, 216 AD2d 194, 195 [1995], quoting *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]; *see also Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987]). Even when there is no requirement for the plaintiff to exclude every other possible cause other than a defendant's breach of duty, "the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation" (*Lynn v Lynn*, 216 AD2d at 195-196 [citation omitted]).

In *Kane v Estia Greek Rest.,* (4 AD3d 189, 190 [2004]), a similar case to the one at bar, we granted summary judgment to the defendant on the basis that "[a]bsent an explication of facts explaining the accident, the verdict would rest on only speculation." Further, we determined that even if an expert alludes to potential defects on a stairway, the plaintiff still must establish that the slip and fall was connected to the supposed defect (*id.*).

In this case, no one witnessed plaintiff's fall, but the record is replete with evidence of plaintiff's drinking history and recurring falls. Further, there simply is no evidence of record that any of the alleged code violations caused plaintiff's fall. Consequently, there is no triable issue as to causation. Indeed, plaintiff's testimony that he had no recollection of how the accident occurred is, under the circumstances of this case, sufficient to find for defendants as a matter of law (*Birman v Birman*, 8 AD3d 219 [2004]).

Plaintiff's argument that his intoxication is pertinent only on the issue of comparative negligence is without merit because plaintiff's intoxication may well be the principal cause of his harm and renders the alleged defects of the stairway too remote to constitute a proximate cause of his injuries. Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.