■ LAU TUNG TSUI et al., Appellants, v NEW CHARLIE TSENG CORPORATION, Respondent, et al., Defendant. [825 NYS2d 276]—

In an action, inter alia, to recover for property damage, the plaintiffs appeal from an order of the Supreme Court, Queens

County (Price, J.), dated December 7, 2005, which granted the motion of the defendant New Charlie Tseng Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

To hold a landlord liable for injuries resulting from a hazardous condition upon its premises, the plaintiff must establish that the landlord either created the condition, or had actual or constructive notice of it (see *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Singer v St. Francis Hosp.*, 21 AD3d 469 [2005]). In response to the landlord's prima facie showing that it did not create or have actual or constructive notice of the hazardous condition which allegedly caused a fire at its commercial building, the plaintiffs failed to raise a triable issue of fact. In the absence of any definitive evidence conclusively establishing the cause of the fire, the plaintiffs cannot establish that the allegedly hazardous condition was either created by the landlord, or that the landlord had actual or constructive notice of it (see *Piacquadio v Recine Realty Corp., supra; Gordon v American Museum of Natural History, supra; Pluhar v Town of Southampton*, 29 AD3d 975 [2006]; *Singer v St. Francis Hosp., supra*). Mere speculation as to the cause of the fire is insufficient to allow the plaintiffs to recover (see *Pluhar v Town of Southampton, supra; Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]; *Visconti v 110 Huntington Assoc.*, 272 AD2d 320, 321 [2000]).

Accordingly, the Supreme Court properly granted the landlord's motion for summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions either are without merit or need not be considered in light of our determination. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.