**Barbara ASCHER, Plaintiff,**

v.

**TARGET CORPORATION, Defendant.**

**No. 05–CV–4826 (RER).**

United States District Court, E.D. New York.

Oct. 15, 2007.

Herbert William Fischman, New York, NY, for Plaintiff.

John P. Connors, Jr., David S. Heller, Susan Elizabeth O'Shaughnessy, Connors & Connors, P.C., Staten Island, NY, for Defendant.

## OPINION

RAMON E. REYES, JR., United States Magistrate Judge.

Plaintiff Barbara Ascher ("Ascher") brought this action against defendant Tar-

get Corporation ("Target") for injuries she allegedly sustained when, while shopping at the Target store located on Gateway Plaza Drive, in Brooklyn, New York (Def.'s Statement of Material Undisputed Facts ("Def.'s 56.1 Stmt.") ¶ 1), a sauté pot fell off a display and onto her right foot.[1] Ascher alleges that Target created or allowed a hazardous condition to exist on its premises, and that it had constructive notice of the unsafe condition that caused her injuries.

Target has moved for summary judgment, arguing that Ascher cannot establish the existence of any dangerous or defective condition and that, even conceding the existence of such a condition, there is no showing of either actual or constructive knowledge. Target also argues that Ascher's expert has submitted a report which fails to create an issue of fact with respect to the alleged dangerous condition because it is based on insufficient data and assumptions of fact contrary to those established in the record.

For the reasons set forth below, Target's motion for summary judgment is granted and plaintiff's complaint is dismissed in its entirety.

## BACKGROUND

Ascher claims that she was injured on June 2, 2005 while she was shopping at the Gateway Plaza Drive Target store. (Def.'s 56.1 Stmt. ¶ 1;[2] Def's Ex. G, Accident Report.) Ascher claims that her injury

occurred when a sauté pot fell on her foot and injured her "right big toe" and "second big toe." (Def.'s 56.1 Stmt. ¶ 2; Def.'s Ex. G.) Ascher had not seen the pot before her injury, nor did she know how it came into contact with her toe. (Def.'s 56.1 Stmt. ¶¶ 7, 9.) At the time of the accident, Ascher was in the portion of the store where frying pans were sold. (Def.'s Ex. D, Pl.'s Dep. at 94.) Ascher testified that there was a lectern-like surface beneath the frying pan display but that she did not see any pots or pans on it. (Def.'s 56.1 Stmt. ¶ 10.) Target's representative testified that no materials were ever stored, stocked or displayed on the lectern-like surfaces used to show product literature. (*Id.* at ¶ 11.) Ascher's expert, Scott Silberman, examined the Guest Incident report and photographs of the scene of the accident and visited the Target store where Ascher's injury occurred. Based upon this information, Silberman opined that a shopper had placed a sauté pot on the lectern-like surface, which was sloped and lacked an edge guard, and that this pot had slid off and struck Ascher's foot. (*See* Pl.'s Ex. E, Pl.'s Expert's Report at 1–4.)

## DISCUSSION

### I. *Summary Judgment Standard*

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the

---

**1.** This action was originally commenced in New York Supreme Court, Kings County. Target removed the action to this Court based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1), 1441. The parties have consented to have me preside over this case pursuant to 28 U.S.C. § 636(c)(1).

**2.** Plaintiff did not submit a statement of material undisputed facts pursuant to Local Rule 56.1. For this reason alone, the Court could grant defendant's notion. *See, e.g., Searight v. Doherty Enters., Inc.,* No. 02–CV–604

(SJF)(JO), 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (denying summary judgment motion for failure to comply with Local Rule 56.1); *see also Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 73 (2d Cir.2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules."). Here, the Court uses its discretion to overlook plaintiff's failure to comply with Rule 56.1 and grants summary judgment based on the merits of defendant's motion.

moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. This can be accomplished by identifying relevant evidence on record such as pleadings, depositions, answers to interrogatories, admissions on file and affidavits. *Id.* The moving party is not required to support its motions with affidavits or other similar materials negating the opponent's claim. *Id.; Dawes v. Pellechia*, 688 F.Supp. 842, 844 (E.D.N.Y. 1988).

To overcome a motion for summary judgment, the opposing party must show that there is a genuine issue of material fact in dispute. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The mere existence of some alleged factual dispute between the parties will not suffice to defeat an otherwise properly supported motion. *Id.* at 247, 106 S.Ct. 2505; *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 (2d Cir.2003) (citations omitted). An "opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." *Contemporary Mission v. United States Postal Serv.*, 648 F.2d 97, 107 n. 14 (2d Cir.1981) (internal citations and quotation marks omitted).

Evidence of the non-movant is presumed credible and all reasonable inferences are to be drawn in her favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. A court is not to undertake credibility judgments or to weigh the evidence. *Id.* However, the adverse party "may not rest upon the mere allegations or denials of the adverse party's pleadings" but must go beyond the pleadings and "set forth specific facts." FED.R.CIV.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (holding that resolution of any factual issues of controversy in favor of the non-moving party is only prescribed where "the facts specifically averred by that party contradict facts specifically averred by the movant"); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996) (holding that "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment").

If, after an adequate time for discovery, the opposing party has failed to make a showing of an essential element of its case for which it bears the burden of proof at trial, summary judgment will be granted. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 349 F.Supp.2d 521, 524 (E.D.N.Y. 2004).

## II. *Analysis*

In a diversity action such as this one, the court must apply the substantive law of negligence of New York State. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ortiz v. Rosner*, 817 F.Supp. 348, 350 (S.D.N.Y.1993). To establish a prima facie case of negligence under New York law, a plaintiff must prove: (1) that the defendant owed a duty to him or her; (2) that the defendant breached this duty; and (3) that this breach was the proximate cause of the plaintiff's injury. *See Williams v. Utica College of Syracuse University*, 453 F.3d 112, 116 (2d Cir.2006) (citations omitted).

### A. Ascher Has Failed to Establish the Cause of the Accident

■ Ascher claims that a pot was left on the lectern and fell on her foot. (*See* Pl.'s Memorandum of Law in Opp'n at 10). Ascher's expert maintains that the pot fell due to Target's negligence in failing to install an edge guard on the "shelf." [3] (*See* Pl.'s Ex. E at 4).

Target contends that Ascher has failed to establish the cause of the accident. The failure to establish the cause of a plaintiff's injury is fatal to a claim of negligence. *See Kochiashvili v. Yudenfreund,* No. 04–CV–1190 (SLT)(CLP), 2005 WL 3263887, at *2 (E.D.N.Y. Dec. 1, 2005) (granting summary judgment for defendant when plaintiff was unable to show cause of fall from ladder) (citing *Christopher v. New York City Transit Authority,* 300 A.D.2d 336, 752 N.Y.S.2d 76 (2d Dept.2002)); *see also Lau Tung Tsui v. New Charlie Tseng Corp.,* 35 A.D.3d 390, 825 N.Y.S.2d 276, 277 (2d Dept.2006) (finding that failure to establish cause of fire prevented plaintiff from establishing that defendant caused or created a hazardous condition); *Duncan v. Toles,* 21 A.D.3d 984, 801 N.Y.S.2d 359, 360 (2d Dept.2005) (summary judgment granted when deposition testimony of the plaintiff established that she did not know what caused her fall).

■ Although proximate cause can be inferred from circumstances underlying the accident and need not be demonstrated by direct evidence, mere speculation as to the cause of injury is insufficient. *See Williams v. KFC Nat. Management Co.,* 391 F.3d 411, 421(2d Cir.2004); *Wurtzel v. Starbucks Coffee Co.,* 257 F.Supp.2d 520, 526 (E.D.N.Y.2003) (citing *Schneider v. Kings Highway Hosp. Center, Inc.,* 67 N.Y.2d 743, 500 N.Y.S.2d 95, 490 N.E.2d 1221 (N.Y.1986)); *Oettinger v. Amerada*

Hess Corp., 15 A.D.3d 638, 790 N.Y.S.2d 693, 694 (2d Dept.2005) (citations omitted). A plaintiff need not positively exclude other causes but proof must render them sufficiently "remote" or "technical" to enable the jury to reach its verdict based upon logical inferences rather than speculation. *See Williams,* 391 F.3d at 421; *Wurtzel,* 257 F.Supp.2d at 527 (citations omitted). A plaintiff need only prove that it was more likely or more reasonable that the alleged injury was caused by the defendant's negligence than by some other agency. *Williams,* 391 F.3d at 420; *Gayle v. City of New York,* 92 N.Y.2d 936, 937, 680 N.Y.S.2d 900, 703 N.E.2d 758 (1998) (citations omitted). However, when an accident is just as likely to be attributed to a factor other than the one alleged by a plaintiff, any determination of the cause of the accident is bound to be predicated on sheer speculation. *Wurtzel,* 257 F.Supp.2d at 527 (holding that "[i]f the circumstantial evidence presented lends itself equally to several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be the equivalent of engaging in pure speculation about the facts") (citations omitted); *see also Manning v. 6638 18th Ave. Realty Corp.,* 28 A.D.3d 434, 814 N.Y.S.2d 178, 179 (2d Dept.2006) (granting summary judgment when plaintiff's fall was reasonably attributable to factors other than defendant's failure to remove debris left on the stairway) (citations omitted).

Despite Ascher's assertions, it is undisputed that she cannot identify the cause of the accident. (Def's 56.1 Stmt. ¶ 7; Def.'s Ex. D, Pl.'s Dep. at 109.) Ascher does not deny that she did not see where the pot fell from, and could not state with any specificity whatsoever what caused it to

---

3. Target disputes the use of the word "shelf" to describe the structure used to display product literature, and points out that Ascher used the word lectern in her deposition. (*See* Def.'s Affirmation in Reply ¶¶ 14, 15).

fall. (*Id.* at ¶¶ 3, 7; Def.'s Ex. D, Pl.'s Dep. at 105.) Furthermore, the accident report and the testimony of Target's representative indicate that there were no pots on the floor near the scene of the accident. (*See* Accident Report; Def.'s Ex. F, Tanisha Williams Dep. at 35.) Even if it is conceded that Ascher's foot was struck by a sauté pot, Ascher herself could have, as defendant has suggested, inadvertently knocked the pot from a shelf with the satchel she was carrying. (*See* Def.'s Ex. D at 107.)

Ascher's reliance on the doctrine of res ipsa loquitur is also misplaced. Res ipsa loquitur is warranted only when the plaintiff can establish the following three elements: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it is caused by an agency or instrumentality *within the exclusive control of the defendant;* (3) it is *not due to any voluntary action or contribution on the part of the plaintiff.* See *Potthast v. Metro–North Railroad Co.,* 400 F.3d 143, 149 (2d Cir. 2005) (citations omitted); *Ruggiero v. Waldbaums Supermarkets, Inc.,* 242 A.D.2d 268, 661 N.Y.S.2d 37, 39 (2d Dept. 1997) (finding that plaintiff had not established that grocery store had exclusive control over cans of juice on store shelves when store was open several hours before accident); *Fleischer v. Melmarkets, Inc.,* 174 A.D.2d 647, 571 N.Y.S.2d 509, 510 (2d Dept.1991) (finding doctrine of res ipsa loquitur inapplicable where ketchup bottles fell off shelves and struck plaintiff and store did not have exclusive control over merchandise). Here, Ascher cannot satisfy elements two and three.

It is settled that the objects in a retail store are not under the exclusive control of the store. For example, an object may be placed precariously on a shelf by another shopper rather than the store owner. *See* e.g., *Ruggiero,* 661 N.Y.S.2d at 39;

*Fleischer,* 571 N.Y.S.2d at 510. Even when an item is securely shelved, a shopper can injure herself by carelessly knocking the object off the shelf. Here, Ascher has not demonstrated that this scenario is less likely than that the item fell due to defendant's failure to maintain proper shelving.

In all, Ascher's theories regarding Target's liability rest upon mere speculation and conjecture, which is insufficient to overcome Target's well-pleaded motion for summary judgment.

**B.** *Ascher Has Failed to Establish the Existence of a Defect or Hazardous Condition*

Ascher argues that Target's testimony establishes that a dangerous and defective condition existed in the Target store, and that this condition caused her injury. (*See* Pl.'s Affirmation in Opp'n ¶ 4). Target contends that there was no defect or hazardous condition at the scene of the accident and, alternatively, even if there was a hazard, that Target had no constructive notice of such hazard. "To establish a prima facie claim of negligence against a property owner stemming from a defective condition on the property, a plaintiff must show that the owner either created the condition or that he had actual or constructive notice of it." *St. Paul Fire and Marine Ins. Co. v. Tag 380, LLC,* No. 05–CV–4917 (DC), 2007 WL 2872464, at *6 (S.D.N.Y. Sept.27, 2007) (citation omitted); *see also Mandel v. 370 Lexington Ave., LLC,* 32 A.D.3d 302, 820 N.Y.S.2d 249, 251 (1st Dept.2006).

An employee testified that Target does not store pots or pans on display lecterns, including the lecterns that were located below the frying pans where plaintiff was injured. (*See* Def.'s Ex. F, Dep. of Tanisha Williams at 27.) The employee further testified that she knew of no materials on

the lectern and that no prior similar incidents had occurred. (*Id.*)

Ascher suggests that Target's answers to interrogatories provide evidence which undermines its assertion that no defect or hazardous condition existed. (Pl.'s Affirmation in Opposition ¶ 7.) Part of Target's response included the statement that Ascher was negligent "in failing to observe *any pots which may have been on the slanted shelf* and posed a risk of harms ... in actually causing the injury to herself by knocking the pot off the shelf." (*See* Pl.'s Ex. D, Pl.'s First Set of Interrogatories to Def.) (emphasis added). Ascher alleges that this evidence contradicted Target's assertion that the lectern area was used solely for the display of product information and that there were no products placed on that area. However, a defendant is entitled to plead in the alternative. *See* FED.R.CIV.P. 8(e)(2). Pursuant to Rule 8(e)(2), therefore, the Court cannot construe one claim as an admission against another alternative or inconsistent claim. *See, e.g., Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir.1994) (emphasizing that the "inconsistency [in a pleading] may lie either in the statement of the facts or in the legal theories adopted"). In the instant case, as Target points out, the answer to the interrogatory raising the affirmative defense of comparative negligence was provided at the pleadings stage of the case before depositions had been taken. (*See* Def.'s Affirmation in Reply ¶ 19.) At most, Target was acknowledging in its interrogatory that a pot may have been on the lectern. Further testimony, including Ascher's own deposition, revealed insufficient information to bring any greater certainty to this allegation. Ascher did not testify that she saw any pots on the display lectern. (Def.'s 56.1 Stmt. ¶ 10.)

Ascher also attempts to establish a factual dispute regarding the existence of a pot on the lectern by reference to the accident report. Ascher argues that the inclusion of the brand name of the pot in the accident report, despite Ascher's lack of knowledge of the brand, demonstrates that the Target employee wrote the brand name because she in fact did see a pot on the floor. (*See* Pl.'s Ex. B, Accident Report). This argument is likewise without merit. The Target employee testified that she was able to identify the brand of the pot when Ascher pointed to a pot on a shelf and indicated that it was the kind of pot that had injured her. (*See* Def.'s Affirmation in Reply, Ex. A, Aff. of Tanisha Williams.)

Ascher has provided no testimony indicating that there was a defect or dangerous condition which led to her injury. She merely speculates that statements made by Target and Target's employee Ms. Williams imply that a pot had been placed on the lectern. On this fragile foundation, Ascher attempts to construct an argument that due to a defect in the shelving, the improperly-placed pot slid off and caused her injury. (*See infra* II.C). The Court finds that Ascher's testimony does not establish a dangerous condition, and that her theories concerning the placement of the pot on the shelf are not well-founded. Furthermore, as the Court discusses below, Ascher's expert has failed to establish the dangerous condition that led to Ascher's injury.

C. *Silberman's Report Does Not Provide Sufficient "Evidence" to Establish That a Dangerous or Defective Condition Existed*

Perhaps acknowledging that she has no direct evidence, Ascher relies heavily on her expert, Scott Silberman, to establish that a defective or hazardous condition existed, and that it caused her injuries. (*See* Pl.'s Affirmation in Opp'n., ¶ 5). Ac-

cording to his report, Silberman visited the store after the accident and noted that one of the slanted lectern-like surfaces near where Ascher had been injured did not have an edge guard. (*See* Pl.'s Ex. E, Expert Witness Report at 2.) Silberman then assumed that another customer placed the sauté pot on the shelf. (*See* Pl.'s Ex. A, Expert Aff. in Opp'n. to Def.'s Motion for Summ. J. ¶¶ 9, 11.) From these two observations, Silberman deduced that the pot slid off the lectern surface and onto Ascher's foot. (*Id.* at 11.)

■ As an initial matter, Ascher has not demonstrated that Silberman possesses a sufficient level of expertise to qualify as an expert on safety in the retail environment. An expert must demonstrate his or her qualifications as they pertain to the issue at hand:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by *knowledge, skill, experience, training, or education,* may testify thereto in the form of an opinion or otherwise . . .

FED. R. EV. § 702 (emphasis added).

Silberman's curriculum vitae indicates that his engineering expertise lies in the realm of construction site safety, lead paint abatement and transportation design. (*See* Def.'s Ex. H, Expert Disclosure, at 10–13). There is nothing in his resume or his report that indicates that he has any training and experience, let alone expertise, in safety in the retail environment. (*See* Pl.'s Affirm. in Opposition, Ex. A, Expert's Aff.). Accordingly, Silberman, although a civil engineer, lacks sufficient training and experience to qualify as an expert in safety in the retail environment, and therefore the Court rejects Silberman as an expert in this case. *See McCullock v. H.B. Fuller Co.*, 981 F.2d 656, 657 (2d Cir.1992) (disqualifying engineer's expert

where the adequacy of warning labels was at issue and engineer lacked training or experience in chemical engineering, toxicology, environmental engineering or the design of warning labels); *Barban v. Rheem Textile Systems, Inc.*, No. 01–CV–8475 (ILG), 2005 WL 387660, at *4 (E.D.N.Y. Feb.11, 2005) (precluding expert testimony regarding laundry machines where expert had never provided testimony, conducted research or designed safety features specific to the dry cleaning industry); *Hofmann v. Toys "R" Us–NY Ltd. Partnership*, 272 A.D.2d 296, 707 N.Y.S.2d 641, 642 (2d Dept.2000) (finding a licensed engineer who lacked specialized knowledge or training in customer safety in a retail setting was unqualified as an expert in a case involving the safety of shelving).

Further, even were the Court to accept Silberman as an expert on safety in the retail environment, his "opinion" that a pot slid off the lectern and fell on Ascher's toe due to a hazardous condition created by defendant is not based on sufficient facts or data. FED.R.EVID. 702(1) (expert testimony must be *"based upon sufficient facts or data."*); *see also General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (holding that a district court is not required to admit opinion evidence that is "connected to existing data only by the ipse dixit of the expert" when the court finds that there is too great an analytical gap between the data and the opinion proffered).

Quite surprisingly, Silberman prepared his expert report without ever talking to Ascher or reading her deposition transcript. (*See* Def.'s Ex. I, Dep. of Scott M. Silberman, Pl.'s Expert Witness at 30, 31.) As a result, Silberman mistakenly considered Ascher's allegations in the complaint to be established facts. For example, Silberman asserted as fact that "a shopper placed a 4.4 quart sauté pan on [the]

sloped surface" and that the pan slid off the lectern and struck Ascher's foot. (*See* Pl.'s Ex. E, at 1–2). Candidly, Silberman admitted during his deposition that if he had not been told (presumably by Ascher's attorney) that there was a pot on the lectern,[4] then his expert opinion would have been mere "speculation." (Def.'s Ex. I at 67.) Silberman's failure to interview Ascher or read her deposition transcript fatally undermines his expert "opinion" since his analysis was based on incorrect assumptions of fact. *See e.g., Wurtzel v. Starbucks Coffee Co.*, 257 F.Supp.2d 520, 524 (E.D.N.Y.2003). In *Wurtzel*, the expert had never reviewed the complaint or any deposition transcripts and had never met with or spoken to the plaintiff about how the alleged accident occurred. As a result, his tests of the allegedly defective coffee cup lid bore little relationship to the facts in the case and his testimony was found inadmissible. *Id.* at 526; *see also Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 92 (2d. Cir.2000) (finding that an expert who had not spoken to individuals involved in the accident and lacked other details about how the accident occurred, was unable to test his theory of causation and on this basis his testimony was excludable); *Cacciola v. Selco Balers, Inc.*, 127 F.Supp.2d 175, 181 (E.D.N.Y.2001) (finding that mere reliance on deposition was insufficient to allow expert's testimony when expert had never interviewed plaintiff).[5]

Silberman also suggests that the lack of an edge guard was a defect that would allow a pot to slide off the lectern and injure a customer. (Pl.'s Ex. A ¶ 11.) Even if this is true, however, it is insufficient to defeat summary judgment. The existence of a defect does not release a plaintiff from the burden of demonstrating that the defect caused the injury. *See, e.g., Keyes v. American Airlines, Inc.*, No. CV–00–4480 (DGT)(MDG), 2006 WL 3483927, at *7 (E.D.N.Y.2006) (holding that the plaintiff must demonstrate that the alleged defect was the proximate cause of the accident); *Manning v. 6638 18th Avenue Realty*, 28 A.D.3d 434, 814 N.Y.S.2d 178 (2d Dept.2006) (finding that an expert's theory of design defect was insufficient to raise a triable issue of fact when it was clearly designed to avoid the consequences of the plaintiff's failure to indicate the cause of her accident); *see also Rygel v. 8750 Bay Parkway, LLC*, 16 A.D.3d 572, 792 N.Y.S.2d 160 (2d Dept. 2005) (granting defendant's motion for summary judgement when the existence of a raised portion of linoleum floor on its own did not establish evidence that the plaintiff fell due to a defect in the floor); *McNally v. Sabban*, 32 A.D.3d 340, 820 N.Y.S.2d 260 (1st Dept.2006) (granting summary judgment for defendant when there was no evidence that any of the alleged statutory or code violations in the building caused injury to the plaintiff). As discussed above, *supra* II.A., Ascher has failed to establish that her injuries were caused by a pot falling off the lecternlike

---

**4.** Silberman then applied his "method" to this and other unsupported assumptions—he measured the slope of the lectern in the Target store, noted its slippery surface, and made the commonplace observation that customers often leave items in places other than where they found them. (*See* Pl.'s Ex. E at 2.)

**5.** Furthermore, Silberman's testimony does not meet the requirement under FED. R. EV. 702 that it will "assist the trier of fact to understand the evidence or to determine a

fact in issue." Silberman's conclusions that the lectern was sloped, lacked an edge guard and thus led to the dangerous condition is not based on expertise or knowledge generally inaccessible to a lay member of the jury. On that basis alone, his expert opinion is improper. *See, e.g., Andrews v. Metro North Commuter R. Co.*, 882 F.2d 705, 708 (2d Cir.1989) (finding that where the expert's testimony "invaded an area in which the jury was not in need of expert assistance, it was not a proper subject for expert testimony").

surface. Thus, even if the purported defect existed, it was unreasonable for Silberman to rule out all other causes and conclude to a reasonable degree of scientific certainty that the defect caused Ascher's injuries.[6]

In all, as he tacitly admitted at his deposition, Silberman's expert testimony is based on "mere speculation," *see Oettinger*, 790 N.Y.S.2d at 694, and is insufficient to overcome Target's well-pleaded motion for summary judgment. *See Quintanilla v. Komori America Corp.*, No. 04–CV–5227 (ETB), 2007 WL 1309539, at *3 (E.D.N.Y. May 4, 2007) ("expert testimony should be excluded altogether if it is speculative or conjectural or if it is based on assumptions so unrealistic and contradictory as to suggest bad faith") (citing *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir.1996)) (internal quotations omitted).

As Ascher has not put forth any factual basis to contradict defendant's assertion that there was no hazardous condition with respect to the placement of pots on the lectern, no reasonable trier of fact could conclude from Silberman's testimony that it was more likely than not that Ascher's alleged injuries were caused by a defect or hazardous condition of which Target had knowledge.

**D. Ascher Has Not Established That Target Had Actual or Constructive Notice of Any Hazardous Condition**

██ Even assuming that an unknown shopper placed the pot on the lectern, Ascher has not established that Target had constructive notice of any such condition. In order to constitute constructive notice, plaintiff must show that "the condition was visible and apparent, and that it existed for a sufficient period of time before the accident to allow defendant to fix it." *Greco v. Starbucks Coffee Co.*, No. 05–CV–7639 (CM)(LMS), 2006 WL 1982761, at *3 (S.D.N.Y. July 14, 2006) (citing *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837–38, 501 N.Y.S.2d 646, 492 N.E.2d 774 (N.Y.1986)) (finding no constructive notice when a dangerous condition existed no more than a few seconds or minutes before the accident); *see also Taylor v. U.S.*, 121 F.3d 86, 90 (2d Cir.1997) (finding that "the plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the particular condition at issue").

Here, Ascher was unable to state where the pot was located prior to it hitting her foot; thus no one, including Ascher, could testify as to how long the pot was allegedly

---

**6.** Silberman's report also suggests that a recurrent hazardous condition existed at Target. (*See* Pl.'s Ex. E at 2–3.) This is simply not supported by any admissible evidence. Nothing in the "data" upon which Silberman relied established that a dangerous condition "reoccurred with complete regularity." *Weisenthal v. Pickman*, 153 A.D.2d 849, 545 N.Y.S.2d 369 (2d Dept.1989) (finding that a litter-strewn stairway, which reoccurred with complete regularity at weekly intervals, provided constructive notice of each specific reoccurence of that condition). Neither has plaintiff submitted sufficient evidence that there were "always" or even "usually" unsafe conditions at the store due to the placement of pots on lecterns without edge-guards. *See Colt v. Great Atlantic & Pacific Tea Co., Inc.*, 209 A.D.2d 294, 618 N.Y.S.2d 721 (1st Dept. 1994) (denying defendant's motion for summary judgment where plaintiff submitted evidence that there was usually debris and food scraps in the aisle of a food store where she slipped and fell). The fact that a pot may have been placed on the lectern in this particular instance is insufficient to demonstrate that a hazardous condition existed at Target for any period of time other than immediately preceding the accident.

on the lectern. Any assumptions about how long the pot was there would be mere speculation and not enough to support plaintiff's claim of constructive notice. Ascher testified that she was in the vicinity of the accident for approximately ten minutes. (*See* Def.'s Ex. D, Dep. of Pl. at 95.) This does not demonstrate sufficient time for constructive notice, especially when Ascher indicated that she did not see any employees in the area during the time immediately preceding the accident. (*See* Def.'s Ex. D at 110.) *C.f., Kelsey v. Port Authority of New York and New Jersey,* 52 A.D.2d 801, 383 N.Y.S.2d 347, 348 (1976) (constructive notice found where plaintiff testified that condition existed for at least fifteen to twenty minutes and employees were seen by plaintiff in the immediate area).

Ascher argues correctly that Target has the burden of demonstrating that it lacked constructive notice of the hazardous condition. *See Fox v. Kamal,* 271 A.D.2d 485, 706 N.Y.S.2d 142 (2d Dept.2000) (holding that, to grant summary judgment based on lack of constructive notice, the defendant must make a prima facie showing of the absence of notice). To satisfy its burden, Target relies on the testimony of its employee, Tanisha Williams, to show that pots were never stored on the lectern. (*See* Def.'s Ex. F at 27.) Ms. Williams also testified that she had not seen any pots on the lectern before or after plaintiff's accident and that none were present on the floor when she arrived at the scene of the accident. (*Id.*) Thus, Target has met its burden of proof, and given Ascher's failure to establish any time frame for the existence of the alleged hazardous condition, any conclusion that Target had constructive notice would be based on mere speculation.[7]

As Ascher has failed to establish how long the pot was on the lectern, if indeed it was there at all, and whether any employees would reasonably have had time to become aware that it was there,[8] it follows that Ascher has failed to contradict Target's assertion that it lacked constructive notice of a hazardous condition.

### Conclusion

For the reasons stated above, defendant's motion for summary judgment is granted.

---

**7.** Silberman's "opinion" that retail stores such as Target often display wares in a hazardous fashion is rejected. *See Gordon,* 67 N.Y.2d at 838, 501 N.Y.S.2d 646, 492 N.E.2d 774 (holding that "a general awareness [that a] dangerous condition may be present [is not] legally sufficient to demonstrate constructive notice") (citations omitted).

**8.** Plaintiff also contends that because defendant had an employee in the immediate vicinity who responded to the accident in less than two minutes, it can be inferred that defendant had constructive notice. *See Catanzaro v. King Kullen Grocery Co.,* 194 A.D.2d 584, 599

N.Y.S.2d 74, 75 (2d Dept.1993). The proximity of an employee by itself is insufficient evidence to demonstrate constructive notice. *See, e.g., Tingling v. Great Atlantic & Pacific Tea Co.,* No. 02–CV–4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec.17, 2003). Further, plaintiff testified that she did not see any Target employees in the area shortly before the accident occurred. (*See* Def.'s Ex. D at 110.) In the absence of any evidence that a dangerous condition existed at the time of plaintiff's accident, the fact that defendant's employee was stationed in the immediate vicinity of the accident does not constitute sufficient evidence of constructive notice.