■ TADEUSZ KARWOWSKI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [844 NYS2d 96]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 27, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when he fell while descend-

ing a stairway in the Nassau Avenue subway station in Brooklyn. At his statutory hearing pursuant to General Municipal Law § 50-h, and at his examination before trial, the plaintiff testified that he did not know what caused him to fall, although he noted that there was snow and rain falling at the time of the accident, and that the subway steps were wet.

The defendant met its burden in moving for summary judgment by submitting the hearing and deposition testimony of the plaintiff, which indicated that he did not know the cause of the accident. In the absence of such evidence, the jury could not return a verdict in favor of the plaintiff without engaging in improper speculation as to the cause of the accident (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638 [2005]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]; *Brown-Phifer v Cross County Mall Multiplex*, 282 AD2d 564 [2001]).

To the extent that the plaintiff's affidavit submitted in opposition to the defendant's motion asserted that the cause of his fall was a wet condition on the subway stairs, it presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony, and thus was insufficient to defeat the defendant's motion (*see Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638 [2005]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Marcelle v New York City Tr. Auth.*, 289 AD2d 459 [2001]). Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.