PATRICIA THIERENS, Respondent, v 520 EAST 21ST STREET, LLC, et al., Appellants. [890 NYS2d 597]—

The plaintiff slipped and fell while she was descending a flight of stairs between the third and fourth floors of an interior staircase of an apartment building where she resided. According

to the plaintiff's deposition testimony, she had walked down "[m]aybe four or five" steps when the accident occurred. In her verified complaint, the plaintiff named as defendants 520 East 21st Street, LLC (hereinafter 520 East), the owner of the subject premises, and Charles Neiss, a member of that entity. After issue was joined in this action, the defendants moved for summary judgment dismissing the complaint. In its order dated December 19, 2008, the Supreme Court granted the defendants' motion for leave to reargue their prior motion for summary judgment, which had been denied in an order dated August 15, 2008. The Supreme Court, upon reargument, granted that branch of the defendants' prior motion which was for summary judgment dismissing the complaint as to Neiss "as he was only a member" of 520 East, and adhered to so much of the original determination as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against 520 East.

The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law as to 520 East by demonstrating that the plaintiff was unable to identify the cause of her accident (see *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]). The plaintiff acknowledged that there were between 18 and 20 steps in the flight of stairs where she fell, and that, while she observed apple peels on "the floor" after the accident, she could not specify where on the staircase the peels were situated. In opposition, the plaintiff failed to raise a triable issue of fact as to the cause of her accident. Any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation (see *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435).

Accordingly, the Supreme Court, upon reargument, should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint as to 520 East. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.

Motion by the respondent, inter alia, to strike stated portions of the appellants' brief and the record on appeals from two orders of the Supreme Court, Kings County, dated August 15, 2008, and December 19, 2008, respectively, and, in effect, to dismiss the appeal from the order dated December 19, 2008, on the ground that no appeal lies from an order which denies a motion for leave to reargue. By decision and order on motion of this Court dated May 15, 2009, that branch of the motion which was to strike stated portions of the appellants' brief and the record, and, in effect, dismiss the appeal from the order dated

December 19, 2008, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.