Visone v Third & Twenty Eight LLC (2020 NY Slip Op 03623)





Visone v Third & Twenty Eight LLC


2020 NY Slip Op 03623


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11721 150978/16

[*1] Christopher Visone, Plaintiff-Appellant,
v
Third & Twenty Eight LLC, et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for respondents.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered January 30, 2019, dismissing the complaint, and bringing up for review an order, same court and Justice, entered December 10, 2018, which granted defendants' motion for summary judgment to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff was not entitled to a Noseworthy inference (see Noseworthy v City of New York, 298 NY 76 [1948]) because he failed to offer expert medical evidence establishing, by clear and convincing evidence, that his lack of memory of his accident is causally related to his accident (see Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 333-335 [1986]; Tselebis v Ryder Truck Rental, Inc., 72 AD3d 198, 199 [1st Dept 2010]). Accordingly, plaintiff's inability to identify the cause of his fall is fatal to this action, as it is at least as likely, if not more so under the circumstances of this case, that his accident was caused by his own voluntary intoxication following a day of participating in "SantaCon," as it was the result of defendants' negligence in maintaining its premises (see Grande v Won Hee Lee, 171 AD3d 877 [2d Dept 2019]; McNally v Sabban, 32 AD3d 340 [1st Dept 2006]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK