SECOND DEPARTMENT, MAY, 1998

(May 4, 1998)

■ LOUIS ALBANO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [672 NYS2d 413] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated March 31, 1997, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the separate motion of the defendant Benevolent and Protective Order of Elks, Staten Island Lodge No. 841, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed with one bill of costs.

The plaintiff Louis Albano was injured when he tripped in a small hole, which was covered by grass, while walking over unpaved property outside a lodge owned by the defendant Be-

nevolent and Protective Order of Elks, Staten Island Lodge No. 841 (hereinafter the Elks). The plaintiffs alleged that the Elks had a duty to maintain the property in a reasonably safe condition, and that the Elks had notice of the alleged defect. They further alleged that the City had a duty to compel the Elks to install a sidewalk, and that the City should have maintained the sidewalk in proper condition.

To establish a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that the defendant either created the defect which caused the plaintiff's fall or had actual or constructive notice of it (see, *Kraemer v K-Mart Corp.*, 226 AD2d 590). In their respective motions for summary judgment, the City and the Elks made a prima facie showing that they did not create or have actual or constructive notice of the alleged defect.

The evidence presented by the plaintiffs in opposition to the motions for summary judgment failed to raise a triable issue of fact as to whether the defendants either created or had prior actual or constructive notice of the alleged defect (see, *Katz v City of New York*, 87 NY2d 241; see also, *Poirier v City of Schenectady*, 85 NY2d 310; *Gordon v American Museum of Natural History*, 67 NY2d 836; see also, *Putnam v Stout*, 38 NY2d 607, 612; *Landau v Town of Ramapo*, 207 AD2d 384; *McMullen v State of New York*, 199 AD2d 603). Furthermore, contrary to the plaintiffs' contention, the City is not under an affirmative duty to compel a landowner to install a sidewalk (see, Administrative Code of City of NY § 19-152 [c]; *St. Jacques v City of New York*, 88 NY2d 920, 922). Therefore, the Supreme Court did not err in granting the respondents' respective motions for summary judgment. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.