■ MARIA BONILLA, Appellant, v STARRETT CITY AT SPRING CREEK et al., Respondents. [704 NYS2d 619] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), entered March 17, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff seeks to recover damages for injuries allegedly sustained when she slipped on wet grass and her foot went into a depression in the ground in a play area owned and maintained by the·defendants.

To impose liability upon the defendants, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendants either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see, Miller v Gimbel Bros.,* 262 NY 107; *Patrick v Cho's Fruit & Vegetables,* 248 AD2d 692; *Castellitto v Atlantic & Pac. Co.,* 244 AD2d 379; *Kuchman v Olympia & York,* 238 AD2d 381; *Edwards v Terryville Meat Co.,* 178 AD2d 580; *see also, Gordon v American Museum of Natural History,* 67 NY2d 836). In support of their motion for summary judgment, the defendants made a prima facie showing that the plaintiff did not fall as the result of a defective condition on the defendants' property and, in any event, that they did not create or have actual or constructive notice of any alleged defect (*see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967; *Zuckerman v City of New York,* 49 NY2d 557, 562). The evidence presented by the plaintiff in opposition to the motion failed to raise a triable issue of fact as to whether a defective condition existed or whether the defendants either created or had actual or constructive notice of any alleged defect (*see, Albano v City of New York,* 250 AD2d 555). O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.