■ ESTHER E. CHRISTOPHER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and JASON UNIFORM RENTALS, INC., et al., Appellants. [752 NYS2d 76] —In an action to recover damages for personal injuries, the defendant Jason Uniform Rentals, Inc., and the defendants Long Island Rail Road and Metropolitan Transportation Authority, separately appeal from so much of an order of the Supreme Court, Queens County (La-Torella, J.), dated October 1, 2001, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, those branches of the appellants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff was injured when she tripped and fell as she was entering the Long Island Rail Road's Jamaica station. At her examination before trial, the plaintiff testified that she tripped when her foot became hooked on a floor mat. However, the plaintiff admitted that she did not look at the mat either before or after her fall, and she was unable to describe any defect in the mat which caused her foot to become hooked.

To impose liability upon the appellants for the plaintiff's fall, there must be evidence that a dangerous or defective condition existed, and that the appellants had actual or constructive notice of the condition and failed to remedy it within a reasonable time (*see Brown-Phifer v Cross County Mall Multiplex*, 282 AD2d 564; *Bonilla v Starrett City at Spring Cr.*, 270 AD2d 377). Here, the appellants sustained their initial burden of demonstrating their entitlement to summary judgment by submitting the deposition testimony of the plaintiff, which revealed that she did not know what caused her foot to become hooked on the floor mat (*see Brown-Phifer v Cross County Mall Multiplex, supra*; *Robinson v Lupo*, 261 AD2d 525). In the absence of such evidence, a jury would be required to speculate as to whether there was a defect in the mat which caused the plaintiff's fall (*see Visconti v 110 Huntington Assoc.*, 272 AD2d 320, 321; *Robinson v Lupo, supra*). The plaintiff's affidavit in opposition to the motions for summary judgment presented a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony, and thus was insufficient to defeat the motions (*see Bongiorno v Penske Auto. Ctr.*, 289 AD2d 520;

*Bloom v La Femme Fatale of Smithtown,* 273 AD2d 187; *Regina v Friedman,* 272 AD2d 461). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.