■ JUDITH PENN, Appellant, v FLEET BANK et al., Respondents. [785 NYS2d 107]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated May 16, 2003, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

To impose liability upon the defendants for the plaintiff's fall, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendants either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]; *Brown-Phifer v Cross County Mall Multiplex*, 282 AD2d 564 [2001]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). The defendants sustained their initial burdens of demonstrating their entitlement to summary judgment by submitting the deposition testimony of the plaintiff, which revealed that she did not know what caused her foot to become caught when she fell in the automated teller machine vestibule area of the defendant bank (*see Christopher v New York City Tr. Auth., supra*). The plaintiff merely testified at her deposition that after she fell she noticed that a portion of a mat was turned up. It is just as likely under these facts that the mat was caused to flip up as the result of the plaintiff's fall and was not a pre-existing condition. In the absence, inter alia, of proof that the mat was turned up before the plaintiff's accident, a jury would be required to speculate as to the cause of her trip and fall (*see Christopher v New York City Tr. Auth., supra; Brown-Phifer v Cross County Mall Multiplex, supra; Visconti v 110 Huntington Assoc.*, 272 AD2d 320 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the court properly granted the motions for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions either are without merit or academic in light of our determination. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.