■ Patricia Duncan, Appellant, v Alan Toles, Defendant, and Long Island Jewish Medical Center, Respondent. [801 NYS2d 359]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated April 21, 2004, which granted the motion of the defendant Long Island Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for the injuries she sustained when she fell while attempting to descend from an examination table in a medical office located at Long Island Jewish Medical Center.

The Supreme Court properly granted the motion of the defendant Long Island Jewish Medical Center (hereinafter the defendant) for summary judgment. The defendant made a prima facie showing of its entitlement to such relief by submitting the deposition testimony of the plaintiff which established that she did not know what caused her to fall (*see Christopher v New York City Tr. Auth.,* 300 AD2d 336 [2002]; *Brown-Phifer v Cross County Mall Multiplex,* 282 AD2d 564 [2001]). The plaintiff's affidavit in opposition to the motion, wherein she alleged for the first time that the table and stool moved in opposite directions because the floor was slippery, was inconsistent with her prior deposition testimony and, as such, was insufficient to negate the speculation as to the cause of the accident (*see Lincoln v Laro Serv. Sys.,* 1 AD3d 487 [2003]; *Taveras v Catalano,* 307 AD2d 310, 311 [2003]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Christopher v New York City Tr. Auth., supra*). Thus, her opposition was insufficient to raise a triable issue of fact to defeat the motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Cozier, J.P., Crane, Luciano and Skelos, JJ., concur.