■ DOMENICA DRAGO et al., Appellants, v WILLIAM PAUL DE-LUCCIO, CPA, et al., Respondents. [913 NYS2d 747]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated October 6, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Domenica Drago (hereinafter the plaintiff) allegedly tripped and fell while exiting the office in which her accountant, the defendant William Paul DeLuccio, operated his accounting practice. The plaintiffs commenced this action alleging that the accident and the injuries which the plaintiff allegedly sustained were caused by the defendants' negligence in allowing a mat placed at the doorstep to the office to become "rolled up" so as to constitute a tripping hazard. After issue was joined, the defendants moved for summary judgment dismissing the complaint.

To impose liability upon the defendants for the plaintiff's fall, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendants either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]). The defendants sustained their initial burden of establishing their prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition, which revealed that she did not know what caused her to trip as she exited the defendants' office (*see Penn v Fleet Bank*, 12 AD3d 584 [2004]). The plaintiff admitted at her deposition that she did not notice the mat at any time prior to the fall on the day of the occurrence, and that it was only after she fell that she observed the mat in a "rolled up" condition. It is just as likely under these facts that the "rolled up" condition of the mat was caused when the plaintiff tripped and was not a preexisting condition. In the absence of proof that the mat was rolled up before the plaintiff's accident, a jury

would be required to speculate as to the cause of her trip and fall (*see Duncan v Toles*, 21 AD3d 984 [2005]; *Mullaney v Koenig*, 21 AD3d 939 [2005]; *Penn v Fleet Bank*, 12 AD3d at 584). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.