■ Marie Spagnola, Appellant, v Staten Island Hospital, Respondent. [922 NYS2d 801]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Fusco, J.), entered December 18, 2009, which, upon an order of the same court dated October 14, 2009, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On October 29, 2007, the plaintiff allegedly was injured when she tripped and fell while exiting the Medical Arts Building of the defendant. "To impose liability upon the defendant[ ] for the plaintiff's fall, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendant[ ] either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time" (*Penn v Fleet Bank*, 12 AD3d 584 [2004]; *see Dennehy-*

*Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629, 629 [2009]). The defendant sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff, which revealed that she did not know what caused her foot to allegedly become stuck on the edge of a mat when she fell in the vestibule area (*see Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336, 336 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. She merely testified at her deposition that, among other things, she did not notice anything wrong with the mat at any point before or after her fall. She did not notice if the mat edge was raised, if the mat moved, or if the mat was in the same position when she exited the medical center as when she entered about two hours before her fall. The plaintiff's deposition testimony is devoid of any evidence establishing that she tripped as a result of stepping on an upturned mat edge, as she asserts on appeal. Rather, the plaintiff merely speculates that her fall was caused by a raised mat edge. In the absence, among other things, of proof that the edge of the mat was turned up before the plaintiff's accident, a jury would be required to speculate as to the cause of her accident (*see Penn v Fleet Bank*, 12 AD3d at 584; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.