■ Ann Winder et al., Respondents, v Executive Cleaning Services, LLC, Appellant, et al., Defendants. [936 NYS2d 687]—

On November 14, 2005, the plaintiff Ann Winder (hereinafter the injured plaintiff) allegedly was injured while walking into the cafeteria located in the office building where she worked. Only after the injured plaintiff fell to the floor and was sitting on a carpet runner near the entrance to the cafeteria, did she notice that part of the runner was folded up.

To impose liability upon a defendant for a plaintiff's injuries, there must be evidence showing the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Drago v DeLuccio*, 79

AD3d 966 [2010]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Christopher v New York City Tr. Auth.*, 300 AD2d 336 [2002]). Here, the defendant Executive Cleaning Services, LLC (hereinafter the appellant), which was responsible for cleaning the accident site, sustained its initial burden of establishing its prima facie entitlement to judgment as a matter of law by submitting the injured plaintiff's deposition testimony, which revealed that she did not know what caused her to trip as she entered the cafeteria of her office building (*see Drago v DeLuccio*, 79 AD3d 966 [2010]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]). The injured plaintiff admitted at her deposition that she did not notice the runner at any time prior to the fall on the day of the occurrence, and that it was only after she fell that she observed the runner in a folded condition. While it is possible that this condition was present prior to the accident, it is just as likely under these facts that the folded condition of the runner was caused when the injured plaintiff tripped and was not a pre-existing condition. In the absence of proof that the mat was folded before the injured plaintiff's accident, a jury would be required to speculate as to the cause of her trip and fall (*see Drago v DeLuccio*, 79 AD3d 966 [2010]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Lott, Roman and Cohen, JJ., concur.