*1021 In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered July 17, 2012, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants’ motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence are granted.
On April 11, 2007, while working on air-conditioning units located on the roof of a church in Williston Park, the plaintiff fell from a catwalk and onto the church’s roof. The plaintiff commenced this action against the defendants, Saint Aidan’s Church, Inc. (hereinafter the church), and the Diocese of Rockville Centre, alleging, inter alia, a violation of Labor Law § 200 and common-law negligence. The defendants moved, inter alia, for summary judgment dismissing those causes of action on the ground, among others, that the plaintiff was unable to identify the cause of his fall without engaging in speculation. The Supreme Court denied those branches of the motion.
A defendant can establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff cannot identify the cause of the accident (see Califano v Maple Lanes, 91 AD3d 896, 897 [2012]; McFadden v 726 Liberty Corp., 89 AD3d 1067 [2011]). A plaintiffs inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant’s negligence, if any, proximately caused the injuries would be based on speculation (see Califano v Maple Lanes, 91 AD3d at 897; Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1200 [2011]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff, who had no recollection of the accident and could only state that just prior thereto, he heard a “sound . . . like the wood giving out from underneath me.” Based on this testimony, a jury would have to speculate as to the cause of the accident (see Spagnola v Staten Is. Hosp., 84 AD3d 1057, 1058 [2011]; Curran v Esposito, 308 AD2d 428, 429 [2003]; Blanco v Oliveri, 304 AD2d 599, 600 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary *1022 to the plaintiff’s contention, the deposition testimony of his employer, John Abitabile, was insufficient to raise a triable issue of fact on causation. Abitabile’s deposition testimony regarding a conversation he had with the plaintiff at the hospital following the accident about what caused him to fall was vague and, in any event, hearsay. Abitabile’s deposition testimony regarding a conversation he had with a maintenance person employed by the church about what the plaintiff told him caused the accident also constituted hearsay (see Roldan v New York Univ., 81 AD3d 625, 627 [2011]). Finally, although, in opposition to the defendants’ motion, the plaintiffs expert offered his opinion regarding dangerous conditions that caused the plaintiffs accident, such as the lack of handrails, there was no evidence to connect these alleged dangerous conditions to the plaintiffs fall (see Murphy v New York City Tr. Auth., 73 AD3d 1143, 1144 [2010]; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660 [2007]).
The parties’ remaining contentions have been rendered academic in light of our determination or are without merit.
Accordingly, the Supreme Court should have awarded the defendants summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.