■ SALVATORE CALCIANO, JR., Appellant, v TARRAGON CORPORATION et al., Defendants, and F&G MECHANICAL CORPORATION, Respondent. [999 NYS2d 900]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Partnow, J.), entered June 3, 2013, as granted that branch of the motion of the defendant F&G Mechanical

Corporation which was for summary judgment dismissing the complaint insofar as asserted against it and dismissed the complaint insofar as asserted against that defendant.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"A plaintiff's inability to identify the cause of [his or] her fall is fatal to a claim of negligence in a slip-and-fall case because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]; *see Montemarano v Sodexo, Inc.*, 121 AD3d 1059 [2014]; *Smith v Jesadan Meat Corp.*, 120 AD3d 1332 [2014]). Here, the defendant F&G Mechanical Corporation (hereinafter F&G) established its prima facie entitlement to judgment as a matter of law through the plaintiff's deposition testimony, which demonstrated that the plaintiff could not identify the cause of his fall without resorting to speculation (*see Dennis v Lakhani*, 102 AD3d 651 [2013]; *Califano v Maple Lanes*, 91 AD3d 896, 897-898 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-564 [1980]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of F&G's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.