■ Susanne Giannotti, Appellant, v Hudson Valley Federal Credit Union, Respondent. [21 NYS3d 132]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated October 8, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 16, 2013, the plaintiff allegedly was injured while walking across the lobby of the defendant's credit union. The plaintiff had been following one of the defendant's employees to the employee's office when she tripped as she was walking over a rug covering a portion of the tile floor. After the plaintiff fell, she noticed that a part of the black rubber edge around the rug was bent upwards. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant subsequently moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

"In a [slip or trip and fall] case, a defendant moving for summary judgment has the initial burden of establishing, prima

facie, that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 933 [2014]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Armijos v Vrettos Realty Corp.*, 106 AD3d 847, 847 [2013]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078 [2012]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598 [2008]). However, "[a] plaintiff's inability to identify what had caused him or her to fall is fatal to his or her case, and a defendant moving for summary judgment dismissing the complaint can meet its initial burden as the movant simply by demonstrating that the plaintiff did not know what had caused him or her to fall" (*Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *see Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 863-864 [2015]; *Calciano v Tarragon Corp.*, 125 AD3d 709, 710 [2015]; *Rodriguez v 1790 Broadway Assoc., LLC*, 122 AD3d 604, 605 [2014]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting the transcript of the plaintiff's deposition, during which she testified that she did not notice the subject rug at any time prior to her fall, and that it was only after she fell that she observed a part of the rug to be in a folded condition (*see Winder v Executive Cleaning Servs., LLC*, 91 AD3d 865, 865 [2012]; *Drago v DeLuccio*, 79 AD3d 966, 966-967 [2010]; *Penn v Fleet Bank*, 12 AD3d 584, 584 [2004]). The defendant also submitted the deposition testimony and an affidavit from the employee the plaintiff was following when she fell. The employee stated that she did not see any condition with respect to the subject rug which would cause anyone to trip. The defendant also submitted surveillance footage from the day of the plaintiff's fall depicting the rug, which does not show that the rug was in a defective condition prior to the plaintiff falling. Without proof that there was a defective condition present with respect to the subject rug when the plaintiff fell, and the possibility that the folded condition of the rug the plaintiff observed after she fell was caused by her tripping, a jury would be required to impermissibly speculate as to the cause of her fall (*see Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 863-864 [2015]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Winder v Executive Cleaning Servs., LLC*, 91 AD3d at 866; *Drago v DeLuccio*, 79 AD3d at 966-967; *Penn v Fleet Bank*, 12 AD3d at 584). In opposition, the plaintiff failed to raise a triable issue of fact (*see Winder v Executive Cleaning Servs., LLC*, 91 AD3d at 866; *Drago v DeLuccio*, 79 AD3d at 966-967; *Penn v Fleet Bank*, 12 AD3d at 584).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.