■ ROSA RIVERA, Appellant, v 916 PEEKSKILL MAIN REALTY, INC., et al., Respondents. [46 NYS3d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ecker, J.), dated May 27, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action after she allegedly fell as she entered premises owned by the defendant 916 Peekskill Main Realty, Inc., and leased by the defendant Main Street Food Center. The plaintiff testified at her deposition that she

fell on a carpet located adjacent to the entrance door, but was unable to identify any defect in the carpet that caused her to fall. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what caused her to fall. The Supreme Court granted the motion.

To impose liability upon a defendant for a plaintiff's injuries, there must be evidence showing the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Giannotti v Hudson Val. Fed. Credit Union*, 133 AD3d 711, 711-712 [2015]; *Winder v Executive Cleaning Servs., LLC*, 91 AD3d 865 [2012]). " 'In a trip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation' " (*Bryant v Loft Bookstore Caffe, LLC*, 138 AD3d 664, 665 [2016], quoting *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *see Viviano v KeyCorp*, 128 AD3d 811 [2015]; *DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]).

Here, the defendants established, prima facie, that the plaintiff did not know what caused her to fall and that it would be speculative to assume that the front entrance carpet, which the plaintiff confirmed was laying flat on the interior floor before she stepped on it, caused her to fall (*see Giannotti v Hudson Val. Fed. Credit Union*, 133 AD3d at 712; *Winder v Executive Cleaning Servs., LLC*, 91 AD3d at 866; *Drago v DeLuccio*, 79 AD3d 966 [2010]; *Penn v Fleet Bank*, 12 AD3d 584 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.