Phillips v LSS Leasing Ltd. Liab. Co. (2019 NY Slip Op 07103)





Phillips v LSS Leasing Ltd. Liab. Co.


2019 NY Slip Op 07103


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-02746
 (Index No. 701652/17)

[*1]Wanda Phillips, respondent, 
v
LSS Leasing Limited Liability Company, appellant.


Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains, NY (Jeremy D. Platek of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 8, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On April 7, 2016, the plaintiff allegedly fell inside the lobby of the defendant's building in Queens. The plaintiff subsequently commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff could not identify what had caused her to fall. The Supreme Court denied the motion, and the defendant appeals.
To impose liability upon a defendant for a plaintiff's injuries, there must be evidence showing the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d 711, 711-712; Winder v Executive Cleaning Servs., LLC, 91 AD3d 865). In a trip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Rivera v 916 Peekskill Main Realty, Inc., 147 AD3d 802; Bryant v Loft Bookstore Cafe, LLC, 138 AD3d 664, 665; Viviano v KeyCorp, 128 AD3d 811).
Here, the defendant established its prima facie entitlement to judgment as a matter of law through, inter alia, the deposition testimony of the plaintiff, which demonstrated that she could not identify the cause of her fall without resorting to speculation (see Rivera v 916 Peekskill Main Realty, Inc., 147 AD3d at 803; Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d at 712; Winder v Executive Cleaning Servs., LLC, 91 AD3d at 866). The plaintiff surmised that she tripped and fell on a defective part of a runner mat that was located in the lobby of the defendant's building. [*2]However, the plaintiff, who traversed this lobby practically every work day, testified that she did not see the alleged defect either before or after she fell. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court