Hoppe v Imperial Towers Assoc. (2020 NY Slip Op 01604)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Hoppe v Imperial Towers Assoc.

2020 NY Slip Op 01604

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-14437
(Index No. 100497/16)

[*1]Jason Hoppe, appellant, 
vImperial Towers Associates, et al., respondents.

Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Foran Glennon Palandech Ponzi & Rudloff, P.C., New York, NY (Joseph W. Szalyga and Corey P. Teitz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated October 25, 2018. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross motion which was to strike the defendants' answer for spoliation of evidence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when he tripped over a mat in the lobby of the defendants' building. The Supreme Court, inter alia, granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross motion which was to strike the defendants' answer for spoliation of evidence. The plaintiff appeals.
The plaintiff alleges that a hazardous condition existed and that the defendants either created the condition or had actual or constructive notice of its existence and failed to remedy it within a reasonable time (see Rivera v 916 Peekskill Main Realty, Inc., 147 AD3d 802, 803; Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d 711, 711-712; Winder v Executive Cleaning Servs., LLC, 91 AD3d 865). In support of their motion, the defendants submitted the plaintiff's deposition testimony that his left foot tripped over the edge of a mat on the floor of the defendant's lobby. The plaintiff further testified that, after he fell, he looked at the mat and saw that the edge of the mat was raised. The defendants' evidence failed to eliminate all triable issues of fact as to whether the mat was lying flat against the floor before the plaintiff fell and whether a raised condition of the mat caused the plaintiff to trip and fall (cf. Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d at 711-712).
Additionally, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition. In support of the motion, the defendants also [*2]submitted the deposition testimony of the plaintiff's father, who resided at the building with the plaintiff. The plaintiff's father claimed that the mat on the lobby floor had a tendency to curl up, and that, almost every day, he saw the mat in an uneven condition. Hence, viewing the evidence in the light most favorable to the plaintiff, the defendants failed to establish, prima facie, that they could not be charged with constructive notice of a recurring hazardous condition which they failed to adequately address (see Willis v Galileo Cortlandt, LLC, 106 AD3d 730, 732; Halpern v Costco Warehouse/Costco Wholesale, 95 AD3d 828; Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 960-961).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's denial of that branch of the plaintiff's cross motion which was to strike the defendants' answer for spoliation of evidence. There was no evidence that the defendants were culpable by preserving only the portion of a surveillance videotape which depicted the accident, nor was there any evidence that additional footage from the surveillance videotape would have been relevant (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543; Eksarko v Associated Supermarket, 155 AD3d 826, 828-829; Peters v Hernandez, 142 AD3d 980, 981).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court