Edwards v Raymour & Flanigan Props., LLC (2022 NY Slip Op 01768)





Edwards v Raymour & Flanigan Props., LLC


2022 NY Slip Op 01768


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2020-00749
 (Index No. 510404/17)

[*1]Glenford Edwards, respondent, 
v
Raymour & Flanigan Properties, LLC, et al., appellants.


Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (James M. Boyce of counsel), for appellants.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated November 20, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he tripped and fell over a rolled-up carpet on the floor in a store owned and operated by the defendants. In May 2017, the plaintiff commenced this action to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated November 20, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
A property owner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "To demonstrate entitlement to summary judgment, an owner of real property must establish that it maintained the premises in a reasonably safe condition, and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it" (Reed v 64 JWB, LLC, 171 AD3d 1228, 1228; see Rendon v Broadway Plaza Assoc. Ltd. Partnership, 109 AD3d 975, 976).
Here, the defendants submitted, inter alia, excerpts of the deposition testimony transcripts of the plaintiff and of their store manager, which demonstrated, prima facie, that they maintained their premises in a reasonably safe condition (see Laguerre v Kessler, 118 AD3d 675; Rendon v Broadway Plaza Assoc. Ltd. Partnership, 109 AD3d at 977; Leary v Leisure Glen Home Owners Assn., Inc., 82 AD3d 1169, 1170), and that the jury would have to speculate as to the cause of the plaintiff's fall (see Giannotti v Hudson Val. Fed. Credit Union, 133 AD3d 711, 712; Winder v Executive Cleaning Servs., LLC, 91 AD3d 865, 866; Drago v DeLuccio, 79 AD3d 966, 966-967). However, in opposition, the plaintiff, through the submission of the complete transcript of her deposition testimony and the complete deposition transcript of the defendants' store manager, raised triable issues of fact as to where the accident occurred, whether the plaintiff tripped and fell on a [*2]preexisting "bundled-up" section of the carpeted floor, and whether the defendants had constructive notice of such condition (see Hoppe v Imperial Towers Assoc., 181 AD3d 659, 660; Flaccavento v John's Farms, 173 AD3d 1141, 1142).
In light of our determination, we need not reach the defendants' remaining contention.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court