Meade v Hampton Diaries, Inc. (2023 NY Slip Op 04665)

Meade v Hampton Diaries, Inc.

2023 NY Slip Op 04665

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-03328
 (Index No. 606682/18)

[*1]Thomas E. Meade, et al., appellants, 
v
Hampton Diaries, Inc., et al., respondents, et al., defendant.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Martyn, Martyn, Smith & Murray, Mineola, NY (Laurie Lewis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered January 8, 2020. The order, insofar as appealed from, granted the motion of the defendants Hampton Diaries, Inc., and One Stop Market for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2018, the plaintiff Thomas E. Meade (hereinafter the plaintiff), and his wife suing derivatively, commenced this action against, among others, the defendants Hampton Diaries, Inc., and One Stop Market (hereinafter together the defendants), inter alia, to recover damages for personal injuries the plaintiff allegedly sustained when he tripped and fell on a mat in a store owned by One Stop Market and operated by Hampton Diaries, Inc. In August 2019, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered January 8, 2020, the Supreme Court, among other things, granted the defendants' motion. The plaintiffs appeal.
To demonstrate entitlement to summary judgment, an owner or one in possession of real property must establish that it maintained the premises in a reasonably safe condition, and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition thereon for a sufficient length of time to remedy it (see Villalba v Daughney, 214 AD3d 843, 843; Edwards v Raymour & Flanigan Props., [*2]LLC, 203 AD3d 885). Here, in support of their motion, the defendants submitted, inter alia, the plaintiff's deposition testimony, which established, prima facie, that the mat at issue was not in a hazardous condition, and that the defendants did not create a hazardous condition or have actual or constructive notice that a hazardous condition existed (see Williams v SNS Realty of Long Is., Inc., 70 AD3d 1034, 1035; Leib v Silo Rest., Inc., 26 AD3d 359, 360; Christopher v New York City Tr. Auth., 300 AD2d 336). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiff's affidavit, submitted in opposition to the defendants' motion, presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony, and thus was insufficient to defeat the motion (see Burns v Linden St. Realty, LLC, 165 AD3d 876, 877; Christopher v New York City Tr. Auth., 300 AD2d at 336).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court