Piltie v Ofori (2024 NY Slip Op 00091)

Piltie v Ofori

2024 NY Slip Op 00091

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-01599
 (Index No. 62763/19)

[*1]Mariella Francis Piltie, appellant,
v
Medjine Ofori, respondent.

Elliot Ifraimoff & Associates, P.C. (The Altman Law Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Peirce & Salvato, PLLC, White Plains, NY (Marc A. Rousseau of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated February 10, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In March 2019, the plaintiff allegedly was injured when she slipped and fell on a loose stone condition in the front walkway of the defendant's house. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendant was negligent in maintaining the stone walkway where the subject accident occurred. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 797). "A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Mermelstein v Campbell Fitness NC, LLC, 201 AD3d 923, 924). Moreover, "a defendant who has actual knowledge of a particular ongoing and recurring hazardous condition may be charged with constructive notice of each specific reoccurrence of that condition" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 665).
Contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that she lacked either actual or constructive notice of the alleged dangerous condition of the loose stones. In support of her motion, the defendant relied upon, inter alia, her own deposition testimony and the plaintiff's deposition testimony. Although the defendant testified that repairs had been made to the loose stones approximately two years before the plaintiff's accident, [*2]the defendant did not know what repairs had been made and admitted that, one week before the plaintiff's accident, she discovered two loose stones in the walkway and removed them. The plaintiff testified that she had observed loose stones in the walkway for several years, that she complained to the defendant about them, and that none of the stones that the defendant allegedly had removed were missing from the walkway on the day of her accident. This testimony raised a triable issue of fact regarding actual notice, as well as an issue of credibility, that a trier of fact should determine (see Mermelstein v Campbell Fitness NC, LLC, 201 AD3d at 924).
Moreover, the testimony failed to eliminate all triable issues of fact as to whether the alleged dangerous condition of the loose stones was a recurring condition that the defendant failed to adequately remedy, and whether she lacked constructive notice of that condition (see Hoppe v Imperial Towers Assoc., 181 AD3d 659, 660; Gonzalez v Board of Educ. of City of N.Y., 165 AD3d 1065, 1066). Since the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied her motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court