Andre v New York City Dept. of Educ. (2024 NY Slip Op 04053)

Andre v New York City Dept. of Educ.

2024 NY Slip Op 04053

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-01547
 (Index No. 524519/19)

[*1]Fritz Andre, respondent, 
v
New York City Department of Education, defendant, Consolidated Bus Transit, Inc., et al., appellants.

Silverman Shin & Byrne, PLLC, New York, NY (Michael Byrne and Wayne S. Stanton of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Consolidated Bus Transit, Inc., and Rafail P. Pardilov appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 28, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Consolidated Bus Transit, Inc., and Rafail P. Pardilov.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a bus, operated by the defendant Rafail P. Pardilov (hereinafter the defendant driver), leased by the defendant Consolidated Bus Transit, Inc. (hereinafter together with the defendant driver, the defendants), and owned by the defendant New York City Department of Education, reversed into the plaintiff's vehicle while the plaintiff was parked behind the bus. The plaintiff commenced this action against the New York City Department of Education and the defendants to recover damages for personal injuries. The plaintiff subsequently moved, inter alia, for summary judgment on the issue of liability against the defendants. In an order dated February 28, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Ali v Alam, 223 AD3d 642, 643, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Karim v Proline Rental, LLC, 222 AD3d 851, 852).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver reversed into the plaintiff's parked vehicle (see Vehicle and Traffic Law § 1211[a]; Shanyou Liu v Joerg, 223 AD3d 762, 763-764; Ali v Alam, 223 AD3d at 643). In opposition, the defendants failed to raise a triable issue of fact. The defendant driver's affidavit, drafted two years after the collision, in which he averred that [*2]the plaintiff was not in his vehicle at the time of the accident, contradicted the accident report signed by the defendant driver two days after the accident, in which he averred that, while he was reversing, the plaintiff parked behind the bus. The affidavit raised only a feigned issue of fact (see Williams v Foster, 222 AD3d 1035, 1036; Meade v Hampton Diaries, Inc., 219 AD3d 1424, 1425).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court