■ EVELYN SANTIAGO, as Administratrix of the Estate of EDGAR A. TORRES, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [877 NYS2d 295]—

Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered November 19, 2007, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, seeking damages for the wrongful death of her decedent, who was her partner and the father of her child, claims that decedent's death was caused by allegedly defective roadway conditions. Decedent, who had no motorcycle license and had been drinking, borrowed a friend's motorcycle and apparently lost control while allegedly operating it at high speed. He was thrown from or fell off the motorcycle and pronounced dead at the scene.

Plaintiff's failure to connect decedent's motorcycle accident with the alleged roadway defects requires dismissal of her cause of action (*see Zanki v Cahill*, 2 AD3d 197, 199 [2003], *affd* 2 NY3d 783 [2004]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]). Although an alleged eyewitness affidavit purporting to state the cause of the accident was submitted by plaintiff in opposition to summary judgment, the witness did not state that he saw decedent's motorcycle hit a defect in the roadway and the witness provided no factual basis for what amounted to his conclusion that the "bumpy" condition of the roadway caused decedent to lose control of the motorcycle. Nor did plaintiff's expert's affidavit raise a triable issue of fact with respect to causation. The expert's conclusory opinion that the condition of the roadway caused the accident is based on the eyewitness affidavit and therefore lacks a factual basis (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984]). Under these circumstances, any finding of proximate cause would be impermissibly speculative (*see Oettinger*, 15 AD3d at 639). Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.