■ DARYL WILEY, JR., Plaintiff, v ESI NEW YORK INC., Also Known as IESI NY, et al., Respondents. ESI NEW YORK INC., Also Known as IESI NY, et al., Third-Party Plaintiffs-Respondents, v VERIZON NEW YORK INC., Third-Party Defendant-Appellant. ESI NEW YORK INC., Also Known as IESI NY, et al., Second Third-Party Plaintiffs-Respondents, v GRANITE·AVENUE UTILITY CORP., Second Third-Party Defendant-Appellant. [64 NYS3d 526]—

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about February 22, 2017, which, insofar as appealed from as limited by the briefs, denied third-party defendant Verizon New York Inc. and second third-party defendant Granite Avenue Utility Corp.'s motion for summary judgment dismissing the third-party complaints, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured when the motorcycle he was driving collided with a truck owned by defendant ESI New York, Inc., and operated by defendant Krzysztof M. Hajnos. Defendants contend that the cause of the accident was Granite's negligent performance of road work, pursuant to a contract with Verizon, which had left the road in a hazardous condition.

Verizon and Granite established prima facie that Granite's road work was not a proximate cause of the accident. Plaintiff testified that he was forced to stop abruptly when a truck cut him off and that the condition of the road was smooth and did not impede his ability to control his dirt bike. Hajnos, the driver of the truck, testified that he saw no potholes or cracks or other defects in the road.

In opposition, defendants failed to raise an issue of fact as to the condition of the road (see Santiago v City of New York, 61 AD3d 574 [1st Dept 2009]). None of their eyewitnesses said that they saw plaintiff's motorcycle hit a defect in the road, and the police report, which described the accident in terms of "probably" and "likely," is speculative (see id.). Moreover defendants' expert failed to opine that the road condition was a factor in causing the accident. Defendants also failed to demonstrate that additional discovery could lead to evidence sufficient to defeat the motion (see CPLR 3212 [f]). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.